UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                              :
DUDLEY EPHRAIM WISE,          :
                              :
                  Petitioner, :     06 Civ. 11439 (LAP)
                              :
        -against-             :     MEMORANDUM AND ORDER
                              :
MARRIOTT INTERNATIONAL, INC., :
                              :
                  Respondent. :
                              :
------------------------------x

LORETTA A. PRESKA, U.S.D.J.

   This case involves an employment dispute between Petitioner Dudley Ephraim Wise and Respondent Marriott International, Inc. that was submitted to arbitration and resolved in Respondent's favor. Petitioner seeks to vacate the Award, and Respondent seeks to confirm the Award. Before the Court now are the parties' competing motions on the merits. For the reasons set forth below, the Award is confirmed.

## BACKGROUND

   The factual background underlying this action is set forth in this Court's prior decision, familiarity with which is presumed. See Wise v. Marriott Int'l, Inc., No. 06 Civ. 11439, 2007 WL 2200704 (S.D.N.Y. July 30, 2007). Additionally, the following undisputed facts are pertinent to these motions.

There is nothing in the record to indicate that Petitioner arbitrated his dispute pursuant to an arbitration clause in any employment agreement with Respondent. Rather, it appears that Respondent proposed proceeding to binding arbitration and Petitioner consented to that request. (See Pet. 56.1 Stmt. at 1.)[1] Specifically, on May 14, 2004, Respondent sent Petitioner a letter reflecting a conversation that took place earlier that day, stating that Petitioner desired to arbitrate this dispute. (See Resp. Arb. Ltr. at ¶ 1.)[2] In addition, the letter stated that the arbitration would be governed by the National Rules for the Resolution of Employment Disputes ("EAR Rules") promulgated by the American Arbitration Association ("AAA") and that a hearing date would be arranged by either the AAA or the arbitrator. (Id. at ¶ 2.)[3] On January 5, 2005, the AAA acknowledged that Petitioner requested that a hearing be held in New York, New York, and stated that it would provide the parties with a list of potential arbitrators. (AAA Ltr. at 1.)[4] On

---

[1] "Pet. 56.1 Stmt." refers to "Petitioner's Statement Pursuant to Local Civil Rule 56.1(b)" filed on August 14, 2007.

[2] "Resp. Arb. Ltr." refers to Respondent's letter to Petitioner dated May 14, 2004 and attached as Exhibit A to the Notice of Removal.

[3] EAR Rules (as of January 1, 2004) are attached as Exhibit A to the Notice of Removal.

[4] "AAA Ltr." refers to the letter from the AAA addressed to both parties, dated January 5, 2005, and attached as Exhibit A to the Notice of Removal.

April 25, 2005, Alfred G. Feliu (the "Arbitrator") was confirmed as the arbitrator. (Pet. at ¶ 7.)[5]

In October 2005, an Arbitration Management Conference took place telephonically, during which a summary judgment briefing schedule was agreed upon by the parties. (Resp. 56.1 Stmt. at ¶ 6.)[6] The arbitrator subsequently gave both parties the opportunity to conduct discovery, including a deposition by each side, as part of the summary judgment process. (Award at 1-2, 9.)[7] "[Petitioner] did not request additional in the face of notice of an impending summary judgment motion, nor [did] he raise[] limits on discovery as a basis to deny the [m]otion." (Id. at 9; see also id. at 2-3 ("[N]either party requested additional discovery to support or oppose the [m]otion nor supplied substantive affidavits in support of that party's position.")) Nevertheless, "[Petitioner] opposed the [m]otion

---

[5] "Pet." refers to Petitioner's "Verified Petition" filed in the Supreme Court of the State of New York, New York County, on September 8, 2006 and attached as Exhibit A to the Notice of Removal filed by Respondent in this Court on October 27, 2006 ("Notice of Removal").

[6] "Resp. 56.1 Stmt." refers to those material facts set forth in Respondent's "Rule 56.1 Statement," filed on February 28, 2007, and which were admitted, or otherwise undisputed in Petitioner's Statement Pursuant to Local Civil Rule 56.1(b). Therefore, they are deemed admitted. See Mooney v. New York Times Co., No. 98 Civ. 0694, 1999 WL 553740, at *1, n.3 (S.D.N.Y. July 29, 1999).

[7] "Award" refers to the "Order and Final Award" dated June 23, 2006 and attached as Exhibit B to the Notice of Removal.

by providing the full deposition transcripts that had been excerpted by Respondent, supporting exhibits, and a Memorandum of Law in Opposition." (Id. at 2.) In June 2006, the AAA gave notice to the parties that the Arbitrator would hear oral argument in regard to their summary judgment motions. (Resp. 56.1 Stmt. at ¶ 10.) This took place telephonically in June 2006, with the participation of both parties. (Id. at ¶ 11.)

## DISCUSSION

1. Governing Arbitration Law

The parties disagree about what law applies to this case. Petitioner contends that New York's arbitration statute[8] must be applied instead of the Federal Arbitration Act[9] (the "FAA").

---

[8] The New York statute provides for an arbitration award to be vacated if a court finds a party's rights prejudiced by:

> (i) corruption, fraud, or misconduct in procuring the award; or (ii) partiality of an arbitrator . . . or (iii) [that] an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.

CPLR § 7511(b)(1).

[9] The federal statute provides for an arbitration award to be vacated:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident
>                                  (continued on next page)

4

According to Petitioner, under <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64 (1938), New York law should apply because the legal standard for vacating an arbitration award is substantive law, not procedural law, and it is outcome determinative. (<u>See</u> Opp. Mem. at 3-4.)[10] Respondent, on the other hand, appears to contend that the FAA applies and that the Award should be confirmed because it was not made in "manifest disregard of [the] law." (<u>See</u> Confirm. Mem. at 11.)[11]

---

(continued from previous page)

> partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(3). In addition to the four statutory bases for vacating an arbitration award under the FAA, the Court of Appeals requires vacatur of an award if it is rendered in "manifest disregard of the law." <u>Wallace v. Buttar</u>, 378 F.3d 182, 190 (2d Cir. 2004). However, application of this fifth standard is "severely limited" to situations involving egregious arbitrator misconduct, but where specific provisions of the FAA do not apply. <u>Id.</u> (citations omitted).

[10] "Opp. Mem." refers to Petitioner's "Memorandum of Law in Further Support of the Petition and in Opposition to Respondent's Cross-Motion," filed on August 14, 2007.

[11] "Confirm. Mem." refers to Respondent's "Memorandum of Law in Support of Respondent's Motion to Confirm the Arbitration Award of Alfred G. Feliu," filed on February 28, 2007.

In Barbier v. Shearson Lehman Hutton, Incorporated, 948 F.2d 117, 120 (2d Cir. 1991), the Court of Appeals announced a two part test for determining whether the FAA applies when reviewing an arbitration award. See also Ottawa Office Integration Inc., v. FTF Bus. Sys., Inc., 132 F. Supp. 2d 215, 219 (S.D.N.Y. 2001) (applying Barbier to a motion to confirm an arbitration award). First, there must be "federal subject matter jurisdiction, i.e., diversity jurisdiction[.]" Barbier, 948 F.2d at 120. Second, "the contract calling for arbitration [must evidence] 'a transaction involving interstate commerce.'" Id. (quoting 9 U.S.C. § 2). This Court has already decided that it has subject matter jurisdiction over the dispute based on diversity jurisdiction, Wise, 2007 WL 2200704 supra, and thus the first prong of the Barbier test is met. Although Petitioner's employment position as an International Events Manager involved interstate commerce in some manner, this arbitration was not pursuant to any employment contract. (See supra at 2.) Because the parties did not focus on this issue in the briefing, and because, as discussed below, it does not affect the outcome here, the Court need not decide whether the FAA governs.

Courts in this District have declined to resolve the governing arbitration law issue under similar circumstances, where the outcome would be the same under New York law. See

6

Yonir Techs., Inc. v. Duration Sys. (1992) Ltd., 244 F. Supp. 2d 195, 203 (S.D.N.Y. 2002) ("There is no conflict between [CPLR § 7511(b)(1)] and [9 U.S.C. § 10(a)(3)] on any of the issues relevant to this dispute, and the holdings of this case can rest on either body of law."); Fairfield Towers v. Fishman, No. 02 Civ. 6402, 2003 WL 21738976, at *1 (S.D.N.Y. July 28, 2003) (no conflict between 9 U.S.C. § 10(a)(3) and CPLR § 7511(b)(1)). Accordingly, the Court will apply the relevant provisions of the FAA and New York's arbitration statute in determining the validity of the Award.

Under either the FAA or New York's arbitration statute, Petitioner, as the party seeking vacatur of the Award, has the burden of proof here. See Ottawa Office, 132 F. Supp. 2d at 219 (FAA); McNamee, Lochner, Titus & Williams P.C. v. Killeen, 267 A.D.2d 919, 920 (App. Div. 3d Dep't 1999) (CPLR).

2. Application to the Award

The gravamen of Petitioner's action to vacate the Award is that the Arbitrator exceeded his power by not holding an evidentiary hearing. (Opp. Mem. at 4-7.)[12]

---

[12] The argument that the Arbitrator exceeded his power invokes CPLR § 7511(b)(1)(iii). The failure to hold an evidentiary hearing could also be construed as a violation of CPLR § 7511 (b)(1)(iv) for failing to follow the procedures set forth in New York's arbitration statute. Because the waiver analysis discussed infra applies equally to both purported violations under New York's arbitration statute, the Court need not resolve the issue.

7

Under New York law, there are three grounds for establishing that an arbitrator has exceeded his power under CPLR § 7511(b)(1)(iii): "(1) [t]he arbitrator has exceeded a specifically enumerated limitation on his authority; (2) [t]he decision is totally irrational or; (3) [t]he award is violative of a strong public policy." Yonir, 244 F. Supp. 2d at 204.

First, the arbitrator's authority is derived from the FAR Rules, which specifically provide for an evidentiary hearing. (See FAR Rules 9, 10, 17.) However, these Rules also provide for the waiver of an evidentiary hearing when a party does not raise an objection in writing to the lack of such a hearing. (See FAR Rule 31.) New York's arbitration statute, which Petitioner contends governs review of this dispute, similarly requires that a waiver be found where there was no formal objection made. See CPLR § 7506(f) ("[A] requirement of this section [which provides for an arbitration hearing] may be waived by written consent of the parties and it is waived if the parties continue with the arbitration without objection.").

Petitioner fails to cite a case where an arbitration award was vacated under New York law because it was issued without an evidentiary hearing. Additionally, outside the evidentiary hearing context, courts have rejected arbitration process challenges, like the one made by Petitioner here, under

CPLR § 7506(f) where objections were not raised during the course of the proceeding. For example, in Goldsborough v. New York State Department of Correctional Services, 217 A.D.2d 546, 547 (App. Div. 2d Dep't 1995), the court held, pursuant to CPLR § 7506(f), that the petitioner had waived the issue of pre-arbitration discovery "by participating in the arbitration without further protest and without seeking [a court order or judicial subpoena]." See also Railworks Corp. v. Villafane Electric Corp., 788 N.Y.S.2d 834, 838 (Sup. Ct. N.Y. Cty. 2004) (proceeding without objection to the inability to cross-examine witnesses constitutes waiver under CPLR § 7506(f)); cf. American Ins. Co. v. Messenger, 43 N.Y.2d 184, 191-92 (1977) (stating that, under CPLR § 7506(f), the parties were held "to have accepted the arbitration proceeding as they chose to conduct it" and that the outcome was valid for purposes of preclusion even though the proceeding was "more informal" than most arbitration proceedings).

In the instant case, Petitioner participated fully in the summary judgment proceedings. (See supra at 3-4.) The record does not reflect that Petitioner lodged a formal objection to proceeding in this manner. (Id.) Petitioner claims that he "expected" that a hearing would take place before final disposition. (Opp. Mem. at 6.) However, Petitioner cites no authority for the proposition that a subjective, undisclosed,

9

expectation constitutes a formal, written objection pursuant to CPLR § 7506(f). Therefore, Petitioner waived any objection to the lack of an evidentiary hearing.

The second ground for finding that an arbitrator has exceeded his power is also not met, because, as discussed infra, the Award was reasonable and had at least a colorable justification, making it a fortiori not totally irrational.

As to the third ground, the only public policy arguably at issue is whether due process requires an evidentiary hearing during arbitration. Although Petitioner fails to identify which strong public policy of New York was violated here, the Court notes that an AAA arbitrator is "empowered to award whatever relief would be available in court under the law." (AAA Due Proc. at ¶ 5.)[13] Granting summary judgment certainly falls within this standard, and it is difficult to imagine what public policy of New York would be implicated by an arbitrator's decision to forego an evidentiary hearing because of his conclusion that there were no genuine issues of material fact in dispute.

Petitioner further argues that, independent of CPLR § 7511, New York law requires an arbitration to satisfy "minimal requirements of fairness," i.e., an evidentiary hearing. (Opp.

---

[13] "AAA Due Proc." refers to "A Due Process Protocol for Mediation and Arbitration of Statutory Disputes Arising out of the Employment Relationship," attached as Exhibit A to the Notice of Removal.

10

Mem. at 4-7 (citing Coty v. Anchor Constr., Inc., No. 02 Civ. 601499, 2003 WL 139551, at *1 (Sup. Ct. N.Y. Cty. 2003), aff'd, 7 A.D.3d 438 (App. Div. 1st Dep't 2004) (internal citation omitted)).[14] However, what Petitioner fails to acknowledge is that the Coty Court adopted the FAA's fundamental fairness standard, thus making the analysis here identical under New York and federal law. Coty, 2003 WL 139551 at *7 ("The same standard applies in New York courts.") (citing McMahan & Co. v. Dunn Newfund 1, Ltd., 230 A.D.2d 1 (App. Div. 1st Dep't 1997) (holding that minimal requirements of fairness under 9 U.S.C. § 10 are met when the parties have notice and an opportunity to be heard)).

The section of the FAA pertinent to Petitioner's claim is 9 U.S.C. § 10(a)(3), where an arbitrator refuses to hear pertinent and material evidence. "Courts have interpreted Section 10(a)(3) to mean that arbitration awards will not be vacated unless there has been a violation of fundamental fairness." Yonir, 244 F. Supp. 2d at 204 (citing Tempo Shain

---

[14] Petitioner's reliance on Coty for the proposition that an evidentiary hearing is required per se is misplaced. (See Opp. Mem. at 5-6.) The arbitration award in Coty was vacated because a panel of arbitrators allowed only one party to continue presenting evidence after finding out that the other party could not pay their portion of pre-arbitration fees. 2003 WL 139551, at *5. This is distinguishable from the instant case, where neither party was precluded from presenting its full position to the arbitrator in the summary judgment briefing and at oral argument, and Petitioner does not contend otherwise. (See supra at 3-4.)

11

Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997) (citations omitted)). As Judge Colleen McMahon held in rejecting a challenge to an arbitration award similar to the one at issue here:

> It does not violate due process to issue a decision based on a written submission. An arbitrator has the discretion to choose not to hold oral hearings, as long as his decision based on other evidence is reasonable and not fundamentally unfair . . . . [T]he lack of a formal, oral hearing does not violate F.A.A. 10(a)(3) and is not fundamentally unfair . . . .
>
> Thus, it can hardly be the case that an arbitral award made on a written submission, where the parties had discretion to present the arbitrators with any information they thought relevant, including written sworn testimony if they wished, violates due process or denies fundamental fairness.

Yonir, 244 F. Supp. 2d at 209-10 (emphasis added); accord Cragwood Managers, L.L.C. v. Reliance Ins. Co., 132 F. Supp. 2d 285, 289 (S.D.N.Y. 2001) (lack of oral hearing is not a denial of fundamental fairness under 9 U.S.C. § 10(a)(3), so long as arbitrator's decision is reasonable); Griffin Indus. v. Petrojam, Ltd., 58 F. Supp. 2d 212, 219-20 (S.D.N.Y. 1999) (same).

Here, Petitioner agreed to proceed with written submissions at the October 2005 Arbitration Management Conference. (See supra at 3.) Both parties fully briefed their summary judgment positions. (Id.) Petitioner did not seek discovery although the

12

Arbitrator provided him with that opportunity. (Id.) The Arbitrator reviewed the discovery in the record, which included transcripts of Petitioner's deposition and a supervisor's deposition. (Id. at 4.) Petitioner also participated in the telephonic oral argument on the summary judgment motions. (Id.) There is nothing in the record demonstrating that Petitioner objected to the lack of a formal hearing before the summary judgment ruling was issued by the Arbitrator. Thus, there was no violation of fundamental fairness.

As discussed supra at note nine, the Court of Appeals has permitted vacatur under the FAA if an arbitrator's award was rendered in "manifest disregard of the law." In determining the scope of this judicially created doctrine, the Court of Appeals has held that a court must confirm an arbitrator's decision if there is a "barely colorable justification" for the outcome reached, even if that decision is based on an error of fact or law. See Wallace v. Buttar, 378 F.3d at 190. This standard "gives extreme deference to arbitrators." Id. (citations omitted). Nowhere does Petitioner assert that the Arbitrator applied the wrong legal standard to his employment discrimination claim. (See generally Opp. Mem at 7-11.) The Arbitrator devoted seven pages of the Award to determining whether there were any genuine issues of material fact in

dispute. (See Award at 9-15.)  The Award itself was fifteen pages long. (See generally Award.)

Drawing all inferences in favor of Petitioner, the Arbitrator concluded that Petitioner's claim "relies principally on supposition and surmise, often mistaking argument for evidence. Respondent's proffer of legitimate business reasons for its actions has not been rebutted[.]"  (Award at 8.)  There is no basis in the record for the Court to reject this conclusion as unreasonable. See Duran v. Cushman & Wakefield Inc., No. 06 Civ. 14411, 2007 WL 2667128, at *4 (S.D.N.Y. Sept. 10, 2007) ("It is generally accepted that an arbitration decision should not be overturned by a reviewing court even if the court disagrees with the merits of the decision.") (citing Banco de Seguros del Estado v. Mut. Marine Office, Inc., 344 F.3d 255, 260 (2d Cir. 2003)).  The fact that Petitioner disagrees with the Award is not a sufficient reason to vacate the Award. See Duran, 2007 WL 2667128, at *4 ("Here, it appears that [the pro se plaintiff] is dissatisfied with the Arbitration Award.  This is an insufficient ground on which to vacate the Arbitration Award which, therefore, must be upheld.").

Accordingly, the Award is confirmed under New York's arbitration statute or the FAA.

CONCLUSION

For the reasons stated above, Respondent's motion to confirm the Award [dkt. no. 7] is granted, and Petitioner's application to vacate the Award is denied. The Clerk of the Court shall mark this action closed and deny all pending motions as moot.

SO ORDERED:

Dated:   New York, New York
         September 24, 2007

_____
LORETTA A. PRESKA, U.S.D.J.